UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NEAL ALLEN PANSCHOW,

    Plaintiff,

v.

MR. JOHNSON, FBOP's Case Manager;
MR. WILSON, FBOP's Unit Counselor;
R/D DEPARTMENT STAFF, FBOP's
FCI,

    Defendants.

Case No. 3:19-cv-2042-AA

OPINION AND ORDER

AIKEN, District Judge:

    Plaintiff, a former inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), files this tort action and moves to proceed in forma pauperis. Review of plaintiff's application reveals that he is unable to pay the filing fee, and his application is allowed. However, plaintiff's Complaint fails to state a claim and is dismissed.

    In federal court, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must

1 -    OPINION AND ORDER

construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Here, plaintiff alleges that correctional officers at FCI Sheridan discarded his "overflow" property when plaintiff was transferred, instead of mailing his property to a civilian address pursuant to Bureau of Prisons policy. Compl. at 4-5 (ECF No. 1). Plaintiff alleges negligence and seeks $250 in compensation for his lost property. Plaintiff filed an administrative claim for damages with the Bureau of Prisons, and that claim was denied. *Id.*; *see* 31 U.S.C. § 3723.

Construing plaintiff's claim liberally, he alleges a claim for negligence under the Federal Tort Claims Act (FTCA). However, plaintiff fails to state a cognizable claim for relief under the FTCA. First, plaintiff has not named the proper defendant. In FTCA actions, the United States is the only proper defendant. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam).

Second, plaintiff's claim is barred by the FTCA's exception for the "detention of goods" by a law enforcement officer. *See* 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008). This exception forecloses FTCA claims arising from the loss of property when prisoners are transferred between federal correctional facilities. *Ali*, 552 U.S. at 216-17, 228; *see also Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807-08 (9th Cir. 2003) (in a suit alleging negligent damage to a prisoner's eyeglasses, holding that "BOP officers are 'law enforcement officers' exempt from FTCA liability for damage to detained goods").

Pursuant to *Ali*, plaintiff cannot sustain a tort action based on the alleged loss of his property, and no amendment can cure this deficiency. Accordingly, plaintiff's complaint is dismissed for failure to state a claim

## CONCLUSION

Plaintiff's Application to Proceed In forma Pauperis (ECF No. 4) is GRANTED, and plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED this 27th day of February, 2020.

Ann Aiken
United States District Judge

3 -   OPINION AND ORDER